# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Shawn Turner,

    Petitioner,

v.

David Shin, et al.,

    Respondents.

No. CV-18-03665-PHX-ROS

**ORDER**

Magistrate Judge John Z. Boyle recommends Petitioner Shawn Turner's petition for writ of habeas corpus be denied and dismissed with prejudice. (Doc. 14.) Turner filed objections, to which Respondents did not respond. (Doc. 15.) Because Turner did not object to any of the Magistrate Judge's recommendations, but merely requested this Court "withdraw unexhausted claims and stay [the] habeas proceeding" pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), the recommendations will be adopted.

## BACKGROUND

Turner does not object to the factual background set forth in the Report and Recommendation ("R&R"). Therefore, that background will be adopted in full. In brief, in 2017 Turner pleaded guilty to two counts of forgery, both class four felonies, for forged World Series tickets. (Doc. 9-1 at 5, 22.) Turner was sentenced to three years of imprisonment on one count and four years of probation on the other count. (Doc. 9-1 at 79–85.) Turner sought post-conviction relief ("PCR") regarding his convictions, but his PCR counsel filed a notice of completion indicating she could not find any colorable

claims. (Doc. 9-1 at 91.) Turner proceeded pro per in November 2017, alleging two grounds of ineffective assistance of counsel, and after the Arizona Superior Court dismissed his PCR petition, Turner filed a pro se petition for review in the Arizona Court of Appeals. (Doc. 9-2 at 4, 75, 84.) In his petition at the Arizona Court of Appeals, filed in May 2018, Petitioner raised five grounds for relief: (1) abuse of judicial discretion, (2) vindictive prosecution, (3) ineffective assistance of counsel, (4) pre-indictment delay, and (5) ineffective assistance of PCR counsel. (Doc. 9-2 at 84.) The Arizona Court of Appeals denied Turner relief in September 2018. (Doc. 9-2 at 127.) Turner also filed a second PCR notice, in June 2018, challenging the assistance of his PCR counsel in the first petition. (Doc. 9-2 at 134.) Once again, Turner's appointed counsel indicated she could not find any colorable claims; Turner proceeded pro per; and the Arizona Superior Court denied the PCR petition in March 2019. (Doc. 9-2 at 160; Doc. 13-1 at 3, 54.)

Before his second PCR proceeding had concluded, Turner filed the present federal petition on October 31, 2018, raising four claims: (1) ineffective assistance of counsel; (2) vindictive prosecution; (3) the Arizona Court of Appeals abused its discretion; and (4) a Fourth Amendment violation. (Doc. 1 at 6–9.) Respondents filed a response, Doc. 9, arguing some of the claims were unexhausted, and on January 25, 2019, Petitioner filed a Reply and requested that his petition be dismissed "without prejudice in order to return at a later date," or, in the alternative, an extension of time to "argue the mixed petition." (Doc. 10.) The Fourth Amendment claim and some aspects of the ineffective assistance of counsel claim were not exhausted in state court.

**ANALYSIS**

In his objections, Turner's only requested relief is a dismissal without prejudice, rather than the Magistrate Judge's recommended dismissal with prejudice, to permit him to exhaust his unexhausted claims in his second post-conviction relief proceeding. The R&R recommends Turner's request be denied because his claims are meritless and returning to the state courts will not affect the outcome of his claims before this Court.

Turner has not filed any explanation of the status of his second post-conviction relief

proceeding with this Court, but it appears from publicly-available information that the November 19, 2019 decision of the Arizona Court of Appeals denying relief may have exhausted all of Turner's remaining claims. To the extent any of Turner's claims remain unexhausted, and Turner continues to request a *Rhines* stay, Turner has failed to make the required showings.

To obtain a *Rhines* stay, a petitioner who filed a mixed federal habeas petition of exhausted and unexhausted claims must demonstrate good cause for his failure to exhaust, the potential merit of the claims, and that he has not intentionally engaged in dilatory litigation tactics. *Rhines*, 544 U.S. 269. This remedy is available "only in limited circumstances." *Id.* at 277. Turner has not demonstrated good cause for his failure to exhaust, but even if he had this Court "would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

Because Turner has not objected to any aspect of the R&R, it will be adopted in full.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED**.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of portions of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because the portions of the petition not procedurally barred do not make a substantial showing of the denial of a constitutional right.

Dated this 7th day of January, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge